No. 28,904.

THE NATIONAL SAVINGS LIFE INSURANCE COMPANY, *Plaintiff*, v. CHARLES F. HOBBS, as Commissioner of Insurance, etc., *Defendant.*

(286 Pac. 394.)

Opinion denying a rehearing filed April 5, 1930. (For original opinion denying writ, see 129 Kan. 663, 284 Pac. 397.)

*Robert C. Foulston* and *W. F. Lilleston,* both of Wichita, for the plaintiff.

*William A. Smith,* attorney-general, *John G. Egan,* assistant attorney-general, and *S. M. Brewster,* of Topeka, for the defendant.

The opinion of the court was delivered by

BURCH, J.: In a petition for rehearing the insurance company suggests in a deferential way that the writer of the original opinion assumed to exercise that power, always to be contemplated with reverence and awe, which is capable of creating something out of nothing. The criticism is well founded. The court was under the impression that the whole endowment coupon was invented to serve the needs of the company in meeting Texas competition. This is not true, and the cash payment of $250 on payment of the seventh premium is common to the company's twenty-payment nonparticipating policies.

By way of getting the whole record straight the court would like to suggest in a deferential way that eminent counsel representing the insurance company display considerable creative competency. In the petition for rehearing they say:

"The court's assumption that laws regulating contracts in Kansas follow the company everywhere will not bear analysis."

The court made no such assumption.

After reconsidering the case, the court adheres to its original conclusion. In the original opinion the court said:

"There is no question of conflict of laws in this case. Plaintiff is a domestic insurance company, suing a public officer of this state, in a court of this state, to require the officer to do an official act in this state with respect to an insurance policy in this state. The question arises virtually between creature and creator, and the question is not what standing or effect the policy might have in Texas, but what the law of this state requires." (*National Savings Life Ins. Co. v. Hobbs,* 129 Kan. 663, 669, 284 Pac. 397.)

The insurance commissioner is required to certify policies of insurance. The document the commissioner of insurance refused to certify consisted of two parts, an insurance policy, and something having the appearance of a stock sale contract but which was without substance and which constituted a special inducement to insure condemned by the public policy of this state expressly declared by the legislature. Under the law of this state the commissioner of insurance may not be coerced.

The court is requested to express its views regarding certain subjects having a relation to the unsatisfactory position of the insurance company regarding its Texas business. Anything said would be dictum, and the court must refrain from going beyond what is necessary to a decision in the instant case. It seems a paragraph in the original opinion, designed to elucidate the debated subject of effect of state law in a foreign state, was not helpful.

The petition for rehearing is denied.

JOHNSTON, C. J., and JOCHEMS, J., dissenting.